[No. 1697, March 5, 1915.]

JAHREN v. BUTLER et al.

### SYLLABUS BY THE COURT.

A judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties and those in privity with them, upon every question of fact directly in issue, determined in the action.          P. 127

Appeal from District Court, Mora County; D. J. Leahy, Judge.

Action by A. O. Jahren against Paul Butler and others. From a judgment for plaintiff, defendants appeal. Affirmed.

A. O. LARRAZOLA of Las Vegas, for appellant.

Were the decrees of May 9th and December 5th, 1901, in force at the time of the commencement of this suit or were they dead and inoperative?

Sec. 2913, C. L. 1897, and sec. 2914, C. L. 1897, construed in Browne & Manzanares Co. v. Francisco Chaves, Jr., 9 N. M. 316. And see McAleer v. Clay County, 42 Fed. 667; Merchant's Bank v. Braithwaite, 7 N. Dak. 375, 66 Amer. St. R. 664, 75 N. W. 249; Mason v. Cronise, 20 Cal. 217.

The effect of the statute of limitations as a bar to the execution of a judgment as well as the right to bring an action on such judgment are questions involved in the following cases:

Adams v. Guy, 10 S. E. (N. C.) 1102; Lyon v. Russ, 84 N. C. 588; Peters v. Vawter, 10 Mont. 201, 25 Pac. 438; People ex rel. Parsons v. Circuit Judge, 37 Mich. 287; McGrew v. Reasons, 3 Lea. 485; Lockhart v. Yeiser, 2 Bush. 231; Quinnin v. Quinnin, 144 Mich. 232; Herrmen v. Stalp, 17 N. Y. Civ. Pro. Rep. 333, 6 N. Y. S. 514.

From what has been said it is evident that the decrees were dead and inoperative.

Were decrees enforced within the statutory period of seven years?

The burden is on plaintiff to establish title, interest and right asserted by him, and he must show a superior or better title or a right of possession or entry.

15 Cyc. 123.

Possession raises a presumption of title.

15 Cyc. 128.

When no legal title is shown by either party, the party showing prior possession in himself or those from whom he claims will be held to have the better title.

15 Cyc. 30.

In ejectment plaintiff must recover on the strength of his own title.

Mobile Docks Co. v. City of Mobile, 40 So. 205.

Defendant may rely on weakness of plaintiff's title.

Dowdle v. Wheeler, 89 S. W. 1002; Thomas v. Dowdle, 89 S. W. 1004.

Burden is on plaintiff to make out his title and right of possession by affirmative proof.

Roots v. Beck, 9 N. E. 698, 109 Ind. 472; Railway Co. v. O'Brien, 41 N. E. 528; Graham v. Lunsford, 48 N. E. 627; Klinkner v. Schmidt, 87 N. W. 661; Chenault v. Quisenberry, 57 S. W. 234; Boyle v. West, 31 So. 794; Harrison v. Gallegos, 79 Pac. 300, 13 N. M. 1.

The litigation in the case of Chaves et al. v. Hollenbeck, did not interrupt the adverse possession of appellants herein, in view of the fact that appellants continued in uninterrupted, adverse, actual open and notorious possession and the said decrees were never executed.

The statute of limitations is not arrested because of the prosecution of an unsuccessful action leading to no change of possession.

1 Cyc. 1018,, 1019; Casey v. Anderson, 17 Mont. 167, 42 Pac. 761; McGrath v. Wallace, 85 Cal. 622, 24 Pac. 794; Carpenter v. Natoma W. & M. Co., 63 Cal. 616; Forbes v. Caldwell, 39 Kan. 14, 17 Pac. 478; Jackson v. Haviland, 13 Johns. 232; Smith v. Hornback, 14 Amer. Dec. 122.

CHAS A. SPIESS and S. B. DAVIS, JR., of Las Vegas, for appellee.

Only the sixth, seventh, tenth and eleventh assignments are discussed in appellant's brief; the remainder are therefore waived.

The decrees mentioned are pleaded only as res adjudicata, not as the foundation of this action. A question once settled between parties is settled for all time and may not again be litigated. Brown v. Manzanares, supra, properly held, under the facts of that case that the statute of limitations was applicable.

### STATEMENT OF FACTS.

On May 16, 1898, one George Chavez, the father of the appellants, commenced a suit in the district court of Mora county against one Aaron Hollenbeck and his wife, seeking an injunction restraining Hollenbeck from interfering with certain lands in Mora county, to which Chavez then claimed title, and of which he then claimed to be in possession. Hollenbeck in a cross-complaint, filed in this action referred to, set up that the land in question belonged to him, and was at that time in his possession, and prayed that an injunction issue restraining Chavez from interfering with him in his ownership and possession of the land.

On May 9, 1901, a decree was entered in that cause, wherein the court found that Hollenbeck was entitled to the writ of injunction prayed for by him, which was directed to be issued. After the entry of the final decree in the cause instituted in 1898, the McAllister Springs Company acquired the title of Hollenbeck, and subsequently instituted contempt proceedings against Chavez, upon the ground that he had violated the injunction directed to be issued under the decree aforesaid, and on December 5, 1901, the district court entered a new decree, reaffirming the former one, but somewhat amplifying and construing the findings of the first decree. Among other things the court found that Chavez had been guilty of contempt in the violation of the former injunction order, through interfering with the possession of the lands, and trespassing thereupon, and, by reason of the fact that

Chavez claimed that he did not understand the injunction order of the court, he was granted 90 days within which to make further proof as to his title to the lands in question. Chavez, however, did not avail himself of this opportunity. Thereafter one A. O. Jahren acquired the title to the McAllister Springs Company, and on September 29, 1909, commenced the present proceedings in the district court of Mora county, which is a suit against numerous individuals, including George Chavez, herein referred to, who died after the institution of this action; the cause being revived against his sons, Epifanio and Porfirio Chavez, the appellants herein. The action is in the ordinary form of an action to quiet title, and the answer of these two defendants is a denial of plaintiff's title and an assertion of title in themselves to certain small tracts of land within the exterior boundaries of the larger tract claimed by Jahren and described in his complaint. This title is claimed by them by inheritance from their father; they alleging adverse possession in him, and pleading no other title than that acquired by adverse possession. They asked that their title be quieted as against plaintiff.

The plaintiff, Jahren, answering the cross-complaint of appellants, after denying its allegations, further pleaded the decrees hereinbefore referred to in the former proceeding between Hollenbeck and Chavez as a bar to the claim of title on the part of the defendants, appellants here.

In replying to this answer, the defendants attacked the legal effect of the decrees referred to, and alleged that the real estate involved in the present proceeding was not the same as that concerned in the former proceeding between Hollenbeck and their father, and further pleaded that the former decrees are of no effect as a bar to their present claim because of the fact that they had been rendered more than seven years prior to the commencement of this action. And it is this last contention that is principally relied upon in this appeal.

By stipulation the cause was set down for hearing on the former adjudication on November 17, 1913, and de-

cree was rendered in the cause in favor of the plaintiff, appellee herein.

By the seventh finding, the court determined that the land, title to which was adjudicated in the case of Chavez against Hollenbeck, was the same land claimed by the defendants in this case, and described in their cross-complaint; all of it being situate within the exterior boundaries of the land which was adjudicated to Hollenbeck in the former decree.

By the fifth and eighth findings, the court also found that the parties to the present proceeding were in privity with the parties to the former one; the court further finding that the defendants in the present proceeding were estopped by the decrees of 1901 from questioning the title of plaintiff, and entered a decree accordingly.    From which decree the present appeal was sued out.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The appellants have submitted, without discussion and without authority, all assignments of error, except those numbered 6, 7, 10, and 11, which present the following legal propositions:    First, were the decrees rendered on the 9th day of May, 1901, and the 5th day of December, 1901, in the case of George Chavez et al. v. Aaron Hollenbeck, in force and effect at the time of the commencement of this suit, so that they or either of them could be pleaded in bar of the appellants' claim of title; this contention being predicated upon the fact that the decrees were rendered more than seven years prior to the commencement of the present suit?    Second, did the litigation in the case of Chavez et al. v. Hollenbeck, commenced on the 10th day of May, 1898, and concluded by the decree of December 5, 1901, either considered by itself or considered in connection with that decree which was never enforced or executed, there never having been a dispossession of the premises in litigation, said possession having been held and retained by George Chavez and after his death by the appellants herein, at the time of the institution of this suit on September 24, 1909, in any way

stop or interrupt the running of the statute of limitations in favor of the appellants, and if the appellants herein retained adverse possession of the premises in question, from a day anterior to the institution of the original suit of Chavez et al. v. Hollenbeck, in the year 1898 to the filing of the complaint by the plaintiff in this cause on September 28, 1899, mature the title of the appellants by adverse possession?

This second proposition of law may be more briefly said to be a contention that the decrees of 1901 were ineffective to stop the running of the statute of limitations upon which the claim of appellants to title by adverse possession is based, because no process to enforce the decrees referred to was issued.

Upon the first proposition of law it is the contention of appellants, under the provisions of section 2914, C. L. 1897, that:

> "Actions founded upon any judgment of any court of the territory of New Mexico may be brought within seven years from and after the rendition of such judgment, and not afterward."

Counsel for appellants cite, in support of this contention, the case of Browne & Manzanares Co. v. Francisco Chavez, Jr., 9 N. M. 316, 54 Pac. 234, in which case the territorial Supreme Court held that a judgment barred by the statute of limitations of seven years cannot be revived by scire facias. It is to be noted, however, that the cause of action in the case referred to was based upon a former judgment for a money demand, which, of course, had become merged in the judgment, and the attempt to revive the former judgment by scire facias was of necessity an action founded upon the first judgment. Whereas in the present case, which is a suit to quiet the title to certain lands, the action is not predicated upon the former decree or decrees of 1901, but is of necessity predicated upon the title of the plaintiff, who pleads the former decrees solely upon the ground of estoppel by a former adjudication, and is not standing, nor does the record disclose that he seeks to stand upon the decrees in question as the foundation of his title.

It has been too well established to need the citation of authority that:

"A judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive, between the parties and those in privity with them, upon every question of fact directly in issue, determined in the action." 24 Cyc. 765.

The decrees of 1901 found the title of the lands in question to be in Hollenbeck, the predecessor in interest of the appellee herein. But these decrees in themselves do not constitute the source of the title in appellee, and were simply a confirmation by the district court of the title of Hollenbeck, as it existed before the decrees were entered; and, the question of title having been fully litigated between the parties or their privies, the appellants are necessarily estopped from again litigating the same question.

The second proposition advanced by appellants is that the adverse possession of the appellants and their father continued after the decrees of 1901, which were ineffective to break the running of the statute, since they were not in fact enforced, and the appellants or their father not ousted from possession. As stated by counsel for appellee, this argument presupposes that appellants were in actual and adverse possession of the lands in question in 1898, when the suit between Chavez and Hollenbeck was instituted, and that such possession was characterized by all of the elements necessary to constitute adverse possession. This state of facts, however, is not borne out by the record, and, on the contrary, the findings contained in the decrees of 1901 expressly negatives the idea.

We will not lengthen this opinion by quoting from the decrees referred to, it being sufficient to say that the court found that the evidence as to possession, use, or occupation of any of the lands in question by the plaintiffs was vague, uncertain, and unsatisfactory, and expressly found that the defendant (Hollenbeck) had established his possession as against the plaintiffs, for a period of at least 12 years prior to the time of the filing of the suit, which

possession was public, open, and notorious, and adverse to plaintiffs and those claiming under them.

It is to be borne in mind that the district court, in the trial of the present cause now under consideration, found that the land and real estate, the title to which was involved and adjudicated in the first cause, instituted by Chavez against Hollenbeck, was the same land now claimed by the defendants herein, Porfirio and Epifanio Chavez.

The testimony in the present case, on which this finding is based, is not included in the transcript, and is not before the court, and the finding in this respect is therefore conclusive.

It therefore follows that, by the decrees of 1901, the court adjudicated the question as to whether or not, at the time of the institution of the former suit, George Chavez, the ancestor of the present appellants, was in possession of the land now in controversy, and by these decrees determined that he was not in possession. This being true, Chavez could not have acquired title by adverse possession between the date of the decrees in the first suit referred to, which were entered in 1901, and the date of the institution of this suit, which was September 29, 1909.

For the reasons stated, we conclude that there is no merit in the assignments of error presented for our consideration, for which reason the judgment of the district court is affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., ,concur.

---

[No. 1577, March 9, 1915.]
[Rehearing Denied May 15, 1915.]
WOOD et al. v. SLOAN.

### SYLLABUS BY THE COURT.