HERMAN MEHLHOP, Appellant, v. CENTRAL UNION TRUST
COMPANY OF NEW YORK, Respondent.

Mortgage — extension thereof — inchoate agreement between
owner of property subject to mortgage for which he was not
personally liable as mortgagee for extension of mortgage in
consideration of payment on account of principal — execution
of written contract containing such agreement, with others,
by grantee of said owner, together with payment for extension
— when mortgagee, who refused to sign said contract and
foreclosed such mortgage, should refund to such grantee of
said owner the money paid to obtain the extension of the
mortgage — judgment in action foreclosing such mortgage
not res adjudicata in action to recover money paid for the
promised extension.

1. The owner of real estate, subject to a mortgage, who was not
liable upon the bond but was anxious to prevent foreclosure of the
mortgage, obtained from defendant, the holder of the mortgage, the
assurance that the mortgage would be extended for three years, if a
specified sum should be paid upon account. Details of the arrange-
ment were left to be settled upon the signing of the written contract
which was to be drawn by defendant's lawyers. The instrument when
prepared contained provisions which had not been part of the informal
understanding. In the interval between the preliminary arrangements
and the preparation of the document, the owner conveyed the mort-
gaged property to the plaintiff. The document, made in duplicate,
when received was changed by inserting the name and address of
plaintiff for those of his grantor, and his signature was affixed thereto.
The documents were then left with the defendant together with a
certified check for the installment of the principal, agreed to be paid
for the extension with the accrued interest, and another check for the
fees and disbursements of defendant's lawyers, both of which checks
were retained by the defendant and collected. Until then it had not
been observed that plaintiff's name had been substituted for that of
his grantor. Thereupon defendant wrote to plaintiff's attorney that
it would not sign the extension without the signature of plaintiff's
grantor. Plaintiff by his attorney, who was also the attorney for
plaintiff's grantor in the transaction, notified defendant that the pay-
ment on account of the principal had been made in fulfillment of the
terms of a proposed agreement and that, if defendant was not satisfied
with the contract, as tendered, the money must be returned. Defend-

ant refused either to sign or to refund the money and began an action to foreclose the mortgage, obtaining therein a judgment of foreclosure and sale. The plaintiff deprived by that judgment of the benefit of the extension brought this action to recover the money paid defendant, as money paid upon a consideration which had failed. The consideration for the payment having been withheld, defendant should have restored what it received.

2. The judgment in the foreclosure suit is not a bar to this action. The only question at issue in that suit was whether the transaction had resulted in an extension of the mortgage. The adjudication was that the treaty' for an extension had never ripened into a contract. The plaintiff stands upon it as the basis of his action. His grievance is that although the contract was inchoate, the money is retained. The question in this case is whether the payment is to be surrendered or withheld. No such question was before the court in the foreclosure suit and hence the judgment therein is not a bar in this case. The rule is that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided.

3. The contention by defendant, that the maintenance of this action by plaintiff rather than by his grantor has subjected it to a burden. that it would otherwise have escaped, is untenable.

*Mehlhop* v. *Central Union Trust Co.*, 200 App. Div. 1, reversed.

(Argued January 18, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered February 21, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

*Eugene Cohn* for appellant. The fact that Haebler failed to execute the two-year extension agreement which defendant attempted to foist on him in place of the three-year agreement which he had expressed himself as willing to enter into, gave defendant no right, while it refused to accept Mehlhop's agreement, to retain moneys which were paid to it expressly in part performance of the latter agreement. (*Levy* v. *Brush*, 45 N. Y. 589.) Defendant having been paid the sum of $3,000 for a consideration which it subsequently refused to render must make restitution, and the fact that it applied the payment

in reduction of the lien on plaintiff's property, a reduction which he did not ask for, nor intend to pay for unless accompanied by an extension of the mortgage for two years, does not absolve it from that obligation. (*Nassovy* v. *Tomlinson,* 148 N. Y. 326; *Walden* v. *English,* 137 App. Div. 43; *Washburne* v. *Rainier,* 130 App. Div. 42; *Plumb* v. *Bridge,* 128 App. Div. 651; *Independent Owners* v. *Hirsch,* 81 Misc. Rep. 177; *Fulton* v. *Met. L. Ins. Co.,* 4 Misc. Rep. 76; *Stone* v. *Frost,* 6 Lans. 440; 61 N. Y. 614; *Wolff* v. *Donohue,* 167 N. Y. Supp. 1047; *Smith* v. *Farnworth,* 6 Hun, 598; *Bullinger* v. *Interboro Brewing Co.,* 194 App. Div. 205; *Van Clief* v. *Van Vechten,* 130 N. Y. 571.) The foreclosure judgment did not determine against plaintiff any fact essential to his present action. (*Gordon* v. *Van Cott,* 38 App. Div. 564; *Shaw* v. *Broadbent,* 129 N. Y. 114; *Stannard* v. *Hubbell,* 123 N. Y. 520; *House* v. *Lockwood,* 137 N. Y. 259; *Reynolds* v. *Life Ins. Co.,* 160 N. Y. 635; *Rudd* v. *Cornell,* 171 N. Y. 114; *People* v. *Johnson,* 38 N. Y. 63; *Brown* v. *McKie,* 185 N. Y. 303; *Silberstein* v. *Silberstein,* 218 N. Y. 525; *Gross* v. *Salzman,* 61 Misc. Rep. 630; *Brush* v. *Rothschild,* 186 App. Div. 857.) No equities or estoppels operate in defendant's favor. (*Cauhape* v. *Parke, Davis & Co.,* 121 N. Y. 152.) The mortgagee having itself prevented a consideration of Mehlhop's defense, no issue remained in the foreclosure action save the question of law whether the mortgage was due according to its terms. (*Virginia Carolina Chemical Co.* v. *Kirven,* 215 U. S. 252; *Shaw* v. *Broadbent,* 129 N. Y. 114.)

*Orville C. Sanborn* and *Hersey Egginton* for respondent. The money was paid by Haebler in pursuance of his agreement with the defendant that he would execute the extension agreement. His failure to obtain the extension was occasioned by his own default. Consequently there was no failure of consideration for the payment. (*Allis* v. *Read,* 45 N. Y. 142; *Abbott* v. *Draper,* 4 Denio, 51; *Quinto* v. *Alexander,* 123 App. Div. 1; *Graham* v. *Healy,*

154 App. Div. 76.)   The defendant is not bound in equity and good consicence to return the money either to Haebler or to Mehlhop. (*Rothschild* v. *Title G. & T. Co.*, 204 N. Y. 458; *Chemical Nat. Bank* v. *Kellogg*, 183 N. Y. 92; *Jacobs* v. *Bernstein*, 156 App. Div. 263; *Commonwealth Finance Corp.* v. *McHarg*, 282 Fed. Rep. 560.)   Both plaintiff and Haebler are barred from recovery by the adjudication in the findings and judgment in the foreclosure suit that the $3,000 was paid on account of the principal of the mortgage and that the principal due was only $27,000.   (*Egleston* v. *Knickerbocker*, 6 Barb. 458; *Barker* v. *Miller*, 32 App. Div. 364; *Trust Co.* v. *United Boxboard Co.*, 213 N. Y. 334; *Jasper* v. *Rozinski*, 182 App. Div. 365; *Matter of Stillwell*, 139 N. Y. 337; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Barnard* v. *Onderdonk*, 98 N. Y. 158; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Goebel* v. *Iffla*, 111 N. Y. 170; *Reich* v. *Cochran*, 151 N. Y. 122.)

Cardozo, J.   One Haebler was the owner of a parcel of real estate in the city of New York.   A past due mortgage for $30,000 held by the Central Union Trust Company, the defendant, was a lien upon the land. Haebler was not liable upon the bond, but he was anxious to prevent the foreclosure of the lien.   To that end, he obtained the assurance of the defendant's representative that the mortgage would be extended for three years if a payment of $3,000 was made upon account. The understanding then reached was indefinite and inchoate.   Details were left to be settled upon the signing of the written contract which was to be drawn by the defendant's lawyers.   Duplicate instruments were thereupon prepared and forwarded, unsigned, to Haebler. They were dated January 6, 1916.   They called for an extension, not for three years from their date, but for three years from January 8, 1915, when the mortgage had matured.   They required Haebler to assume the payment of the debt, and provided that payment should

[235 N. Y. 102]    Opinion, per CARDOZO, J.    [Feb.,

be accelerated in a number of contingencies. The debt was to become due, for illustration, if two or more fire insurance companies should refuse to issue policies of fire insurance covering the mortgaged property, or if Haebler or any subsequent owner of the premises should fail to furnish the mortgagee or any proposed assignee of the mortgage with a certificate showing the amount then due upon it, and whether there were any offsets or defenses thereto. None of these terms had been part of the informal understanding.

In the interval between the preliminary arrangement and the preparation of the documents, Haebler made a conveyance of the mortgaged property to the plaintiff. Both men were represented by the same attorney, Mr. Cohn. The documents, when received, were changed by inserting the plaintiff's name and address for those of his grantor, and his signature was added. They were then left with the defendant together with a certified check for $3,750 drawn by Mr. Cohn to the defendant's order, and another check, uncertified, made out in like form, for $29.50, the fees and disbursements of the defendant's lawyers. The larger check was for accrued interest, $750, as well as for the agreed installment of the principal. Both checks were retained by the defendant and collected. Till then, it had not observed that the plaintiff had been substituted for Haebler as a party to the contract. On learning of the change, it wrote to the attorney that it would not sign the extension without the signature of Haebler and his assumption of the debt. Mr. Cohn called a few days later at the defendant's office and saw the man in charge of the real estate department. He gave notice that the $3,000 had been paid in fulfillment of one of the terms of a proposed contract of extension, and that if the company was not satisfied with the contract as tendered, the money must be returned. The defendant refused either to sign or to repay.

An action of foreclosure followed. The plaintiff in that action, the defendant here, alleged in its complaint that $3,000 had been paid on account of the principal, and that the residue of the debt was due. The defendant, the present plaintiff, denied that the payment had been made on account of a past due mortgage, and alleged that in accepting it the mortgagee had consented to an extension of the mortgage, and that the suit was premature. The court upon the trial of that action found against the defense. It found that " no agreement purporting to extend the time of payment of said principal sum of said bond and mortgage was ever executed and delivered by plaintiff, and the time of payment of said principal sum was never extended." It found also that " the payment of $3,000 made on January 7, 1916, was a payment on account of said past due bond and mortgage." Judgment of foreclosure followed. The plaintiff, deprived by that judgment of the benefit of the extension, brought this action to recover the $3,000 as paid upon a consideration which had failed. The trial judge gave judgment in his favor. The Appellate Division reversed, and dismissed the complaint. The plaintiff has thus lost both the extension and the money.

We think the money should be repaid. Neither Haebler nor the plaintiff was personally liable for the payment of the mortgage debt. Each of them was free, if he chose to make tender of something in reduction of the lien, to affix to the tender such conditions as he pleased (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326, 331). A condition was affixed, but the defendant has ignored it. The money was tendered, not in fulfillment of an existing duty, but as the price of a promise to be given in exchange for it. When the promise was withheld, the consideration for the payment failed (2 Williston on Contracts, § 814). The defendant, upon rejecting the condition, should have restored what it received. We see no force in the suggestion that restitution, if due at all, is due to Haebler and

not the plaintiff. The money came to the defendant through the certified check of the attorney, Mr. Cohn, who tendered it in behalf of the plaintiff, the owner of the property. ' How the plaintiff came by it, whether through a loan from Haebler or otherwise, is irrelevant (*Garr* v. *Martin*, 20 N. Y. 306; *Matter of Dunfee*, 219 N. Y. 188, 190). The tender was his, and to him is owing the return.

The judgment in the foreclosure suit is pressed upon us as a bar. We cannot give it that effect. The only question at issue in that suit was whether the transaction had resulted in an extension of the mortgage. If it had, the suit was premature. The adjudication was that the treaty for an extension had never ripened into a contract. The plaintiff, far from questioning that fact, stands upon it to-day as the basis of his action. His grievance is that although the contract was inchoate, the money is retained. The grievance is not shown to be unreal by the finding that the money was a payment on the mortgage. A payment undoubtedly it was, though in consideration of something else. The question now is whether the payment is to be surrendered or withheld. No such question was before the court in the foreclosure suit. There was no attempt to answer it, and the attempt, if made, would have been abortive. "The rule is that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided" (*Silberstein* v. *Silberstein*, 218 N. Y. 525, 528; cf. *Cauhape* v. *Parke-Davis & Co.*, 46 Hun, 306; 121 N. Y. 152; *Campbell* v. *Consalus*, 25 N. Y. 613). We do not forget that the plaintiff has been credited, upon foreclosure, with the amount of the payment which is the subject of this action. The credit was not of his seeking. He did his best to avoid it by exhibiting the true agreement. If the creditor persisted in allowing it, the debtor is not to blame. An answer denying payment, and alleging the understatement of

the sum due upon the lien, would have been disregarded as a frivolous attempt to halt and hinder judgment. The owner was not even in a position to interpose a counterclaim, since he was not the maker of the bond (*Lipman* v. *Jackson Architectural Iron Works*, 128 N. Y. 58, 63). The upshot may be unfortunate for the holder of the mortgage. The retention of money which in good conscience should have been returned is the cause of its misfortune.

The defendant seems to be impressed with the belief that the maintenance of this action by the plaintiff rather than by Haebler has subjected it to a burden that it would otherwise have escaped. That would be an inadequate reason, if it were true, for the denial of the plaintiff's right. We cannot see, however, that it is true. Haebler was not in default in the performance of any contract which he had made with the defendant. The preliminary understanding, as we have seen, was imperfect and uncertain. The papers, when put in shape, embodied many provisions which had never up to that time been the subject of discussion. Haebler was then free either to withdraw altogether or to go forward upon new conditions. If the plaintiff's right of action were derivative, as Haebler's assignee, or if Haebler were himself the plaintiff, the result would be the same.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CRANE, J., not voting.

Judgment accordingly.