[No. 3149. . Nov. 7, 1927. Rehearing Denied April 30, 1928.]

## COSTILLA ESTATES DEVELOPMENT CO. v. MASCARENAS.

[267 Pac. 74.]

Lindsey & Larwill, of Denver, Colo., and Renehan & Gilbert, of Santa Fe, for appellant.

E. P. Davies, of Santa Fe, for appellee.

## OPINION OF THE COURT

WATSON, J.   Appellant sued appellee, on November 16, 1915, in ejectment, for two small parcels of land situated within the New Mexico portion of the Sangre de Cristo Grant.   Appellee, by answer, denied the allegations of the complaint, set up title in himself by adverse possession, and prayed that such title be quieted as against appellant's adverse claims.   Appellant, by reply, denied the affirmative allegations of the answer, and, by specific allegations, set up a certain judgment rendered in the district court of Santa Fe county, November 17, 1905, on change of venue from Taos county, as a former adverse adjudication of appellee's claim to title or right of possession.

At the trial, appellant offered in evidence the judgment roll in the former case.   The court refused to receive it, and appellant was compelled to rest its case without such proof.   Thereupon appellee's motion for a directed verdict against appellant on the ejectment issue was sustained.

While numerous specific errors have been assigned, the decision of the appeal, as counsel agree, depends upon the correctness of the ruling of the trial court, excluding the judgment roll.

It is not questioned that Jahren v. Butler, 20 N. M. 119, 147 P. 280, laid down the correct rule, in quoting from 24 Cyc. 765, as follows:

"A judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties and those in privity with them, upon every question of fact directly in issue, determined in the action."

Appellee does not question the proof that he was a party plaintiff in the former case, nor that appellant's

predecessor in interest was a party defendant therein. He does not question that the particular small tracts involved in the case at bar are included within the outboundaries of the larger tract, the title to which was, in the earlier case, quieted in appellant's predecessor in interest as against the claims of appellee. He does not question that the judgment of 1905, by its terms, did assume to quiet the title to a large tract, including the lands here in question, as against any claim of appellee individually and in severalty thereto. He does contend, however, that such was not the issue in the former case.

The pleading, entitled "Amended Declaration," and sometimes referred to as the "Second Amended Complaint," alleged that numerous plaintiffs, including appellee, were on February 1, 1903, and continuously thereafter, as tenants in common, entitled to the immediate possession of certain described land (the New Mexico portion of the Sangre de Cristo Grant), that on said date the defendants, including appellant's predecessor in interest, entered, unlawfully withheld, and still unlawfully withheld, the same from the plaintiffs; alleged adverse possession of such lands by the plaintiffs for the statutory period; and prayed for process, for judgment, and to be let into possession. So it is contended by appellee the only issue was the right of possession of all the plaintiffs, as tenants in common, of all the land, and that the individual claims of the plaintiffs to separate holdings were not involved.

But appellant points to the second amended answer which, besides denying essential allegations of the "amended declaration," made numerous allegations of new matter upon which it based a claim for affirmative relief, and prayed for a decree "that it is the owner and in the possession * * of all of the land described in said complaint, and each and every portion thereof, free and clear from the claims of any of the plaintiffs * * * and that the title to said land be quieted and confirmed in said the Costilla Land & Investment Company, and that the plaintiffs herein, and each and every of them, * * * either individually or collectively, be restrained and forever enjoined from

setting up, asserting, claiming, suing for, or demanding any right, title, estate, claim, or demand in or to the land described in said complaint, or any part or portion thereof. * * *"

Among the allegations of new matter supporting the said prayer is this:

"* * * That the defendant is now the owner and in the possession and entitled to the possession of all the land in said complaint described, and each and every part and portion thereof, save and except that * * * the plaintiffs herein, or certain ones of them, have taken unlawful possession of small parts and portions of said land, holding the same in severalty and not in common, and wrongfully withholding the possession thereof from * * * the Costilla Land & Investment Company as owner thereof."

Replying to this allegation, plaintiff said:

"* * * They deny that the defendant, the Costilla Land & Investment Company, is now the owner, or entitled to the possession or in the possession, of said premises or of any portion thereof, except as alleged in plaintiffs' complaint; and plaintiffs further deny that they or any of them have taken unlawful possession of any part or portion of said premises, and they deny that they wrongfully withhold the possession of said premises or any portion thereof from the defendants or from any of them."

So appellant contends that the issue made by the answer and reply included the several holdings, rights, and claims of the plaintiffs, and supports the judgment quieting title as against them.

■ Appellee contends that the attempt by the answer to inject, and by the decree to adjudicate, the issues as to the holdings or claims of the plaintiffs in severalty, is contrary to the provisions of our Code as to joinder of parties and of causes. Be that as it may, the issues seem to have been presented and decided without objection. The judgment, however erroneous it may have been, is a final judgment, not appealed from. The procedural objections now urged are among those for which demurrer lies. Code 1915, § 4110. They are among those which, not being raised, are to be deemed waived. Code 1915, § 4114.

It seems plain, therefore, that the exclusion of the judgment roll cannot be sustained on the ground that the

issue formerly litigated was not the same as that presented in the case at bar.

It is contended that the judgment roll was properly excluded because it appears therefrom that the decree was based upon a stipulation of counsel and not upon the "evidence and law governing the case." It is particularly urged that the stipulation, which was not produced because missing from the files, "did in fact eliminate * * * from the terms of the judgment * * * the particular tract * * * involved in the case at bar"; such fact being, it is claimed, shown by the judgment roll.

. From the records offered, it appears that the decree was arrived at after several days spent in the trial of the cause. It recites:

"Now at this day, this cause coming on to be heard upon the stipulation and agreement of the parties hereto made in open court and the evidence herein, and the court having heard the evidence and now being fully advised, it is hereby found, considered, adjudged, and decreed that the parties hereto consent that the jury may be discharged and jury trial is hereby waived, and it is agreed that this cause may be tried to the judge of this court and without the intervention of a jury, and tried upon the evidence taken and the stipulation made by the parties in open court."

There appears also in the decree the following reference to the stipulation:

"And from the findings that the land belongs to the defendant company, the following part is excepted under the agreement of the parties in open court, copy of which is filed in this cause, and said defendant company is ordered to convey the following described property to the plaintiffs thereof, or to such person or persons as they shall designate, to wit: [Description of land not including the parcels involved in the case at bar.]"

It seems, therefore, that the law and the facts were adjudged, and included those involved in the present case. To what extent the judgment might have been different if the parties had not agreed would seem to be immaterial. The decree is complete in itself, and needs no explanation from the stipulation. Whether it could be impeached by the production of that document we need not decide. We cannot see how the failure to produce the stipulation can be considered an impeachment of the decree or render it inadmissible in evidence. There is nothing in the record

that seems to justify the contention that the stipulation, if produced, would have shown an agreement to exclude the land here involved from the terms of the decree. Indeed, it is clearly inferable from the foregoing quotation that such lands as the parties had agreed to exclude were excluded in fact.

While appellee seems to have some other points in mind in support of the judgment, they are not made plain by references to the transcript, nor supported by argument or authority. They do not appear on their face to be well taken, and do not seem to be seriously relied upon. Therefore we do not notice them.

We conclude that the trial court erred in excluding the judgment roll.

▮ Appellant contends that there is no occasion for a new trial of this cause, and that it should be disposed of on the merits on this appeal. The argument is that the judgment roll, if introduced in evidence, together with the documentary proof of appellant's succession in interest to the Costilla Land & Investment Company, whose title was formerly quieted, would be conclusive of its right to possession and to recover in ejectment, and conclusive as against appellee's claim of adverse possession, since the present suit was commenced one day before the expiration of ten years from the entry of the earlier decree. So, it is argued, upon a new trial, and upon the introduction of the evidence erroneously excluded, appellant would be entitled to a directed verdict. The argument is not without force. Yet we doubt our right so to dispose of the appeal. The cause being one in ejectment, the parties are entitled to jury trial. This they have not waived. While the function of a jury on a retrial would seem to be a formal one, our attention is not directed to any authority for a judgment in ejectment, except upon the jury's verdict, unless a jury is waived.

For the error pointed out, the judgment must be reversed, and the cause remanded for new trial. It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

ON MOTION FOR REHEARING.

WATSON, J. ■ As we understand the motion for rehearing, it seeks to sustain the exclusion of the judgment roll upon grounds going to the authenticity of the documents comprising it, and even to the sufficiency of the proof that the venue of the cause was ever changed from Taos to Santa Fe county.

The last entry on the docket of the Taos county court was: "July 26. Order changing venue and setting date for trial." On the Santa Fe docket, under the column "Action," appears, "Change of venue brought from Taos county;" and, under the column "Costs," appear certain charges and payments in the matter of costs made to and by both parties "transferred from Taos Co." Under the heading "Proceedings," the first entry is, "12 papers filed." This is under date of August 4, 1905. The purported order changing the venue was produced from the custody of the clerk of the Santa Fe court and identified by him as having been received from his predecessor. It is contended that the entry "12 papers filed" does not identify the order; and that an attempt to identify it by the last entry on the Taos docket failed because the entered date and the indorsed date do not agree. The order offered in evidence bore two indorsements, namely:

"Filed in my office this 4th day of Aug., 1905.
"A. M. Bergere, Clerk."

And:

"Filed in my office, Jul. 26, 1905.
"A. M. Bergere, Clerk."

The earlier indorsement, as to month and date, corresponds with the docket entry of the filing of that paper in Taos. The later indorsement corresponds with the entering of the twelve papers on the Santa Fe docket. It is claimed, however, that the date of filing in Taos, as shown by the docket, is 1904, not 1905. The basis of the contention is this: That docket has a column headed "date." Under it appears "1903." Following immediately beneath, in chronological order, are fourteen dates, from March 2 to December 10, upon which divers papers

were filed. Then follows "1904"; underneath which appear seven dates, in chronological order, of the filing of papers from January 7 to October 4. Then follows the last entry above quoted; the date being given as July 26, without any change from the last-entered year, 1904. This looks like a mere clerical omission. Where dates are indicated as on this docket, such an omission is of common occurrence. Presumptively papers were entered upon the docket chronologically and with reasonable promptness. If the true date was July 26, 1904, the docket would make it appear that more than two months after venue had been changed, on October 4, 1904, plaintiffs filed in Taos county a reply to the second amended answer, and this was entered on the docket ahead of the order changing venue. The purported order on its face shows that the matter was heard July 25, 1905. It is insisted that, so long as the authenticity of the order is in question, its contents cannot help to settle the date. Counsel overlook another offered document. The clerk of the Taos court issued a certified copy of the order changing venue under his hand and the seal of the court and transmitted the same to himself as clerk of the Santa Fe court. This shows that the matter was heard July 25, 1905. It bears a filing indorsement August 4, 1905, being doubtless one of the "12 papers filed" on that date. No objection is suggested to the competency of this document, and we perceive none. The proof of the change of venue is, in our opinion, conclusive.

█ It is further contended that the documents offered were insufficiently identified because the signature of the clerk to the indorsements of filing, both in Taos county and in Santa Fe county, was by rubber stamp. This, of course, would not apply to the judgment itself, because it was entered in full upon the journal of the Santa Fe court.

It is urged that the use of a rubber stamp by the clerk was a violation of Code 1915, § 1401, which provides as follows:

"It shall be the duty of the clerk, when any paper is filed in his office, immediately to enter on the back thereof his certificate of the day on which it was filed, in the words: Filed in my of-

fice this ——— day of ———, 19——, and sign his name as clerk to the same. But in case he should at any time neglect to do so, it may, at the discretion of the court, guided by the justice of the case, be entered nunc pro tunc. In like manner shall all other matters be performed nunc pro tunc when the ends of justice may require it."

This statute does not require the clerk to write his name; only that he sign it. Generally a signature, if adopted as such, may be printed, lithographed, or type-written, as well as written. 36 Cyc. 443. The decisions there collected show that signatures not autograph are held sufficient to satisfy a variety of statutory and other requirements. The facts of the filing of these documents, and of their identity as the documents filed, do not depend solely upon the clerk's signature. We have, in addition, the facts of entry on the docket and of their having been produced from the proper custody. According to a former interpretation of this statute, filing is accomplished by delivering to the clerk a paper entitled to filing. That act gives the court jurisdiction to act in regard to it. In re Lewisohn, 9 N. M. 101, 49 P. 909. The statutory duties of the clerk are to note the date on the document (section 1401, supra), and to enter the fact of filing on the docket (section 1405). If he fail to perform these duties, the court may direct their performance nunc pro tunc.

The authenticity of court records is a highly important matter. Any ruling which would impair it and thus destroy the value of such records as evidence in subsequent litigation in the same or other courts would have far-reaching and unfortunate effects. Neither general principles nor the statutory requirement, in our opinion, call for such a holding in this case.

Finding nothing in the motion nor in the argument to change our views, a rehearing is denied. It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.