521 P.2d 646

Frank **ATENCIO**, **Plaintiff-Appellant,**

v.

Lourdes Atencio **VIGIL** et al., **Defendants-Appellees.**

No. 9678.

Supreme Court of New Mexico.

April 19, 1974.

Lorenzo A. Chavez, Leof T. Strand, Albuquerque, for appellant.

Ronald T. Taylor, Albuquerque, for appellees.

OPINION

MONTOYA, Justice.

This is an appeal from the granting of a motion for judgment on the pleadings and dismissal of the complaint of plaintiff-appellant Frank Atencio. On June 22, 1972, Atencio filed suit to quiet title to a certain piece of property located in Sandoval County. The defendants were Lourdes Atencio Vigil, Marcella Salazar and Hazel Herrera. Lourdes Vigil answered alleging that Atencio's claim was barred by the defenses of res judicata and collateral estoppel because of the judgment in a certain cause in the District Court of Sandoval County No. 5189. The court so found and granted Mrs. Vigil's motion for judgment on the pleadings and dismissed Atencio's complaint against her. Appeal is taken from that judgment and order of dismissal.

In order to properly evaluate the significance of cause No. 5189, the record proper in that cause, which was brought before us on a writ of certiorari for diminution of the record, discloses the following. In June 1971, Atencio (appellant herein) brought suit in cause No. 5189 Sandoval County District Court, against Martha Gutierrez, Marcella Salazar and Hazel Herrera, seeking ejectment of the defendants and asking that possession be restored to him of a certain tract of land in Sandoval County. In the second count, Atencio sought cancellation of the deed which conveyed the property to one or more of the defendants. The cause was tried to a jury and the verdicts returned were in Atencio's favor on both counts, but no damages were assessed. After the verdicts of the jury were returned, a final judgment was entered on May 8, 1972, ruling that Atencio and Lourdes Atencio Vigil (Atencio's ex-wife) were at all relevant times tenants-in-common of the subject property. Thereafter, Atencio's motion to vacate the judgment was quashed, apparently upon a non-existent motion to quash, by reason of non-service of the motion to vacate upon opposing counsel as required by § 21–1–

1(59)(e), N.M.S.A., 1953 (Repl.Vol. 4, 1970).

Appellant sets forth two points for reversal. First, that the judgment in cause No. 5189 is void to the extent that it purports to grant Lourdes Atencio Vigil an undivided one-half interest in the subject property and that the judgment in cause No. 5189 does not operate as an estoppel or a bar to appellant's suit in the present cause of action. Secondly, it is contended that the final decree in cause No. 99817, Bernalillo County, a divorce case between appellant Atencio and his former wife Lourdes Atencio Vigil (appellee), operates to estop Lourdes Atencio Vigil from making any assertions of interest in the property which is the subject of this suit.

The judgments in causes Nos. 5189 and 99817 are not before us for review. No appeal was taken from those judgments.

Both parties invoke the collateral estoppel and res judicata doctrines in support of their respective positions, appellant relying on the judgment in the divorce action (D.C.C. # 99817), while appellees claim that the judgment in the ejectment action (D.C.C. # 5189) supports the action of the trial court in their favor.

In Trujillo v. Acequia de Chamisal, 79 N.M. 39, 40, 439 P.2d 557, 558 (Ct.App. 1968), the doctrine of res judicata and its application was discussed as follows:

> "Res judicata involved the following principle, as set forth in the case of Costilla Estates Dev. Co. v. Mascarenas, 33 N.M. 356, 267 P. 74 (1928):
>
>> "'It is not questioned that Jahren v. Butler, 20 N.M. 119, 147 P. 280, laid down the correct rule, in quoting from 24 Cyc. 765 as follows:
>>
>>> "'"A judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties and those in privity with them, upon every question of fact directly in issue, determined in the action."''

Or as otherwise stated, there must be an identity of subject matter, causes, parties and character of the person for or against whom the claim is made. Adams v. Cox, 55 N.M. 444, 234 P.2d 1043 (1951)."

Appellee Lourdes Vigil was not a party to the suit in cause No. 5189, the ejectment action, the parties to said lawsuit were not in privity with her and, on the basis of the foregoing authority, the res judicata doctrine is not available to her in defending the instant suit.

We turn now to the issue of collateral estoppel, which the trial court concluded barred the appellant's cause of action. We considered the doctrine in Paulos v. Janetakos, 46 N.M. 390, 393–394, 129 P.2d 636, 638, 142 A.L.R. 1237, 1241 (1942), and said:

> "We have stated that a prior judgment in a different cause of action between the same parties operates as an estoppel only as to questions, points or matters of fact in issue in that cause which were essential to a decision, and which were decided in support of the judgment. What is an issue of fact in the sense in which it is used in the decisions of the courts in like cases, is the first question.
>
> "It must be a fact, the determination of which is material, relevant, and necessary to a decision of the case upon its merits, Mehlhop v. Central Union Trust Co., 235 N.Y. 102, 138 N.E. 751; Block v. Bourbon County Com'rs, 99 U.S. 686, 25 L.Ed. 491; Stannard v. Hubbell, 123 N.Y. 520, 25 N.E. 1084. It must not be a fact that comes collaterally or incidentally in question (Block v. Bourbon County Com'rs, supra), or one that is not material or essential to a decision, even though put in issue by the pleadings. House v. Lockwood, 137 N.Y. 259, 33 N.E. 595; Silberstein v. Silberstein, [218 N.Y. 525, 113 N.E. 495], or evidentiary facts from which the ultimate fact is inferred. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.
>
> "Our conclusion is that such fact must be an ultimate fact, such as is required

in allegations of fact in good pleadings, or in findings of fact in cases tried to the court. It is the ultimate fact, the fact without which the judgment would lack support in an essential particular. This is the rule of the Federal Courts."

In Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122, 1126–1127 (1955), Chief Justice Warren, in discussing the difference between the two doctrines, held:

"The basic distinction ·between the doctrines of res judicata and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. * * *"

See 1B Moore's Federal Practice, 2d Ed., § 0.405[1] at 622–623 (1974).

In Vaca v. Whitaker, 86 N.M. 79, 82, 519 P.2d 315, 318 (Ct.App.1974), referring to the doctrine of collateral estoppel, that court stated:

"(b) As defined, collateral estoppel may be applied only to parties or privies to the action in which the judgment was rendered. This limitation is known as the doctrine of mutuality. See Moore's Federal Practice, [1B, 2d ed. 1965], paragraph 0.411. '[T]he mutuality requirement prevents a litigant from invoking the conclusive effect of a judgment unless he would have been bound if the judgment had gone the other way.' Moore's Federal Practice, supra, paragraph 0.412[1].

"(c) New Mexico decisions have not expressly referred to the doctrine of mutuality. However, Employers' Fire In-

surance Company v. Welch, 78 N.M. 494, 433 P.2d 79 (1967) states: 'As a general rule, the rights of the parties, for the purposes of subsequent controversies between them, are not determined in the absence of adversity in the suit in which the original judgment is rendered.' See Adams v. Cox, 55 N.M. 444, 234 P.2d 1043 (1951); compare Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075 (1959).

"(d) Defendant asserts the quotation from Employers' Fire Insurance Company v. Welch, supra, is dicta and, therefore, not a 'precedent' binding on this Court. See Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973).

"(e) On the basis that the mutuality requirement is an open question in New Mexico, defendant urges us to adopt the so-called 'modern' view of mutuality. That view is that where there is identity of issues between two suits, a party bound by a judgment in the first suit would be bound by the judgment in the second suit even though his adversary, who invokes the prior adjudication, was neither a party nor privy to the first suit and would not have been bound by the judgment in the first suit had it gone the other way. See Moore's Federal Practice, supra, paragraph 0.412[1], particularly, nn. 12 and 14 which list cases departing from the mutuality requirement and writers defending and opposing the doctrine of mutuality."

In order to prevail on the doctrine of collateral estoppel, appellee must rely on the "modern" view of mutuality because she was not a party to the suit in cause No. 5189 and does not claim that she was privy to that suit. We are not inclined to adopt the "modern" view with respect to mutuality upon the facts of this case.

As the granting of the motion for judgment on the pleadings was based upon the determination that appellee was entitled to rely on the doctrines of res judicata and collateral estoppel, or either of them, and as we view that determination to be error,

we do not believe that a discussion of appellant's second point would serve any useful purpose.

This cause is reversed and remanded to the trial court with instructions to overrule the motion for judgment on the pleadings and for a trial on the merits.

It is so ordered.

McMANUS, C. J. and MARTINEZ, J., concur.