This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT ORDUNO,**

Plaintiff-Appellant,

v.                                                                           **NO. 34,019**

**MICHAEL TIERNEY CEO,**
**FLAGSTAR BANK FSB, &**
**SUSAN C. LITTLE, Attorney,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Robert Orduno
Santa Fe, NM

Pro se Appellant

Sutin, Thayer & Browne
Michelle K. Ostrye
Justin R. Sawyer
Albuquerque, NM

for Appellees Michael Tierney and Flagstar Bank FSB

Susan C. Little
Albuquerque, NM

Pro se Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Appellant Robert Orduno (Plaintiff), in a self-represented capacity, appeals from the district court's dismissal of his claims based on res judicata, issue preclusion, the compulsory counterclaim rule, and a rejection of Plaintiff's belief that he has a valid patent for purposes of setting aside the 2008 foreclosure. [RP 192, 199] Our notice proposed to affirm, and in response Plaintiff filed a memorandum in opposition and Appellees Michael Tierney and Flagstar Bank FSB filed a memorandum in support. We remain unpersuaded by Plaintiff's arguments, and therefore affirm.

{2}    Plaintiff continues to argue that the district court erred in dismissing his claims. [RP 192, 199; MIO 1-8] Plaintiff maintains that the 2008 foreclosure should be set aside as a nullity and fraudulent trespass on his property on the asserted basis that he has a superior title to the foreclosed property by virtue of a land patent that he created, executed, and filed in the Santa Fe County property records in 2007. [RP 1; DS 2-3; MIO 6] In support of his continued arguments, Plaintiff attaches several documents to his memorandum in opposition to our notice, including affidavits and a document entitled "regain control of your land through a land patent process." [Ct.App.File,

black clips] As we did in our notice, we point out that to the extent the attached documents were considered below, we consider them as part of our review. *Cf. State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 (stating matters not of record are not considered on appeal).

{3}     For the reasons detailed in our notice, we remain in agreement with the district court's dismissal of Plaintiff's claims. [RP 192, 199] Because Plaintiff and Defendants were the same parties to the 2008 foreclosure proceedings wherein Plaintiff also raised and had the opportunity to address his land patent claims, we agree with the district court that Plaintiff's claims are barred by both res judicata and issue preclusion. [RP 194] *See generally Atencio v. Vigil*, 1974-NMSC-034, ¶ 8, 86 N.M. 181, 521 P.2d 646 (recognizing that "under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action [and] [u]nder the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit" (internal quotation marks and citation omitted)). And as related to the barring of Plaintiff's present suit by res judicata, we additionally agree with the district court that Plaintiff's claims are barred by the compulsory counterclaim rule stemming from the prior 2008 foreclosure litigation. [RP 196] *See*

3

Rule 1-013(A) NMRA; *Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 1987-NMSC-018, ¶¶ 8-11, 105 N.M. 433, 733 P.2d 1316 (recognizing that under Rule 1-013(A), the affirmative defense of res judicata is available where an issue has been expressly raised or is logically related to the subject matter of the prior litigation).

**{4}** While we acknowledge Plaintiff's assertions that his affidavits were not fully considered [MIO 1] and that he has been denied due process of law [MIO 2], we disagree that he is entitled to relief because these assertions stem from the 2008 foreclosure proceedings and, as discussed above, Plaintiff is barred from re-litigating these matters in any subsequent proceedings. Given this, we elect not to dwell on the lack of merits of Plaintiff's self-created "land patent" claims because he is precluded from raising such claims in the first instance.

**{5}** In conclusion, for the reasons detailed in our notice and discussed above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**