BOSELY v. GRAND RAPIDS TRUST CO.

1. GIFTS—CAUSA MORTIS—CONTRACTS FOR PERSONAL SERVICES.
Claim of gift *causa mortis* to plaintiff, who had lived with and cared for elderly decedent for a number of years and who turned over to plaintiff $35,000 worth of securities a few days before death and alleged in declaration in replevin suit therefor to be wholly actuated by love and affection and not as compensation for services rendered is inconsistent with her two verified bills for specific performance of alleged contract for services in which she claimed entire estate of approximately $124,000.

2. DISMISSAL AND NONSUIT—COURT RULES—PREJUDICE—ESTOPPEL—ELECTION OF REMEDIES.
Court had power to grant discontinuance under Court Rule No. 38 (1931), during course of hearing with or without prejudice but his omission to include restriction invoked in

open court in his formal order discontinuing bill in equity does not permit plaintiff who then proceeded to judgment in probate court to escape estoppel as to still other remedy by way of replevin.

3. JUDGMENT—RES JUDICATA—SPECIFIC PERFORMANCE—REPLEVIN.
  Order dismissing bill for specific performance of alleged contract for personal services for elderly decedent without prejudice to filing claim therefor in probate court, which claim was then filed and prosecuted to judgment for plaintiff and order dismissing a second bill for specific performance from which no appeal was taken are *res judicata* of claim presented by same plaintiff in replevin action to recover value of portion of same estate from administrator in its individual capacity.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 24, 1934. (Docket No. 106, Calendar No. 37,773.) Decided June 4, 1934. Rehearing denied July 2, 1934.

Replevin by Nellie Frances Bosely against Grand Rapids Trust Company, a Michigan corporation, to recover securities as alleged gift *causa mortis*. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Arthur F. Shaw* (*Lawrence W. Smith,* of counsel), for plaintiff.

*Linsey, Shivel & Phelps* and *Butterfield, Keeney & Amberg,* for defendant.

WIEST, J.   This is an action of replevin to recover bonds, shares of stock and other securities, claimed by plaintiff under gift *causa mortis* made by Frances B. Eby, a few days before her death on June 26, 1931. Mrs. Eby was 92 years of age and possessed an estate of about $124,000, most of which was in currency in a safety deposit box. October 15, 1925,

Mrs. Eby executed a will, devising her estate, real and personal, to the Grand Rapids Association for the Blind and Sight Conservation, ''to be used however solely for educational purposes for and with the blind and for no other purpose than educational.'' This will was filed for probate on July 3, 1931,. and the Grand Rapids Trust Company appointed special administrator on that day. July 30, 1931, an inventory of the estate was filed. August 31, 1931, plaintiff herein filed objections to the probate of the will, alleging:—

''That said purported last will and testament is not in accordance with a certain agreement between your petitioner, Nellie F. Bosely, and Frances B. Eby made during her lifetime, and for the further reason that your petitioner was informed and believes that subsequent to October 15, 1925, said Frances B. Eby made her last will and testament and which said last will and testament was in accordance with the agreement between your petitioner and said Frances B. Eby.''

September 18, 1931, the will was admitted to probate and the Grand Rapids Trust Company appointed administrator *de bonis non*. October 8, 1931, plaintiff filed a bill in the Kent circuit court in chancery alleging:—

''That about 12 years ago, after plaintiff had for several years ministered to the wants of said Frances B. Eby, had done errands for her and had accompanied her to church practically every Sunday, and to lectures and other occasions, often evenings, said Frances B. Eby, at said time, about 12 years ago, stated to plaintiff in the presence of others that if she, the plaintiff, would care for said Frances B. Eby during her lifetime, and during all illness, and would thus see to it that she, the said

Frances B. Eby, would not be taken to a hospital, but would be nursed and cared for by plaintiff, and that if plaintiff would so arrange that she, the said Frances B. Eby, would be buried where said Frances B. Eby wished to be buried; that she, the said Frances B. Eby, by her last will and testament would leave all her property, after the payment of her debts, to plaintiff. Plaintiff avers that she then and there accepted such arrangement and agreed to care for said Frances B. Eby and to nurse said Frances B. Eby in illness and to carry out her said wishes as to burial."

Plaintiff further alleged in the bill that she carried out the terms of the agreement. She further alleged:

"That during said last illness, said Frances B. Eby gave to plaintiff the keys to her safety deposit boxes and informed plaintiff where her properties and securities were; that she also intrusted into plaintiff's care about $35,000 worth of securities, which securities plaintiff delivered to the special administrator of decedent's estate."

She asked for specific performance of the alleged agreement. The Grand Rapids Trust Company, as administrator of the estate, the Grand Rapids Association for the Blind and Sight Conservation, beneficiary under the will, and certain named heirs-at-law of the testatrix, were made defendants. That bill came on for hearing in December, 1931, and, after witnesses in behalf of plaintiff testified, the attorney for plaintiff asked leave to withdraw the bill of complaint, without prejudice, in order to file a claim for services against the estate. Counsel for defendants informed the court that they had no objection if the claim was to be filed in the probate court upon the *quantum meruit*.

The court announced:

"The case is dismissed without costs and without prejudice to the plaintiff to file a claim in the probate court for services rendered on the basis of the *quantum meruit.*"

January 22, 1932, plaintiff filed a claim in the probate court for alleged services rendered the deceased, along the lines alleged in the discontinued suit and amounting to $30,340. The claim was allowed at the sum of $1,000, in August, 1932. September 8, 1932, plaintiff appealed the claim to the circuit court and on December 8, 1932, while such appeal was pending in the circuit court, she filed another bill in the superior court of Grand Rapids to have specific performance of the contract alleged in her first and dismissed bill of complaint. In that bill she again alleged:

"That during said last illness, the said Frances B. Eby gave to plaintiff the keys to her safety deposit boxes and informed plaintiff where her properties and securities were; that she also intrusted into plaintiff's care about $35,000 worth of securities, which securities plaintiff had in her personal and physical possession at and before the death of Mrs. Eby, and delivered same to the special administrator of decedent's estate upon its request."

She further alleged:

"That after the admitting to probate of the purported last will and testament of said deceased in the probate court of Kent county, plaintiff caused suit in chancery to be filed in the circuit court for the county of Kent on, to-wit, the 8th day of October, 1931. In this action plaintiff asked for specific performance of the oral agreement between her and said deceased, and that the estate and property of said deceased be assigned and decreed to plaintiff;

that at the hearing of said cause and after only a few witnesses had been heard by the court on behalf of said plaintiff, plaintiff is informed that her then acting attorney submitted to a nonsuit and that many of her witnesses and very important witnesses who could and would have verified the allegations in the bill of complaint, were not heard by the court; that she was unaware of the effect of such procedure known as the submitting to a nonsuit by plaintiff; that had she known the effect of same, she would have insisted that all her witnesses, of whom at least 12 or 15 were ready to take the witness stand, should have been called as witnesses and sworn, and their testimony taken before the court; that said procedure was against her wishes and contrary to her rights in the premises; that said order of nonsuit was entered in the circuit court for the county of Kent, in chancery, on, to-wit, the 29th day of December, 1931.  *   *   *   Plaintiff disclaims the right of her then acting attorney to submit her cause to a nonsuit and avers that she has not had her day in court; that the proofs available to sustain the allegations in her bill of complaint were not presented to the court and she now begs leave of this court to present her cause to substantiate the allegations in her bill of complaint.

"That plaintiff thereafter, to-wit, in the month of January, 1932, presented a proof of claim against the said estate in the probate court for the county of Kent; that same was done to preserve her rights on the last day for the hearing of claims; that thereafter commissioner on claims was appointed by the probate court. Plaintiff's said claim was allowed in part only, and she thereupon appealed from the order of the said probate court to the circuit court for the county of Kent; that said appeal has not been heard and plaintiff avers that she does not wish the same heard. She now here asserts her right of election to proceed with this action in chancery for the specific performance of the oral contract and

agreement made and entered into between plaintiff and the decedent, rather than to proceed to a hearing of the claim now pending in the circuit court for the county of Kent. Plaintiff now here offers to withdraw said appeal on said claim and to withdraw her claim from the files and records of the probate court of Kent county in the matter of the estate of said Frances B. Eby, deceased, when ordered or directed by the court to make an election as to what remedy said plaintiff will pursue. * * *

"That her right of action at law, based on a proof of claim for services rendered, by reason of the restricted rules of law and evidence, would not give her full, adequate and complete remedy; that she does not wish to pursue both forms of action, but desires to make her election as to what form of action she will pursue, whether under this bill of complaint for specific performance in a court of chancery, or on the claim presented in the matter of said estate in a court of law, when ordered and instructed so to do by the court."

This bill was filed against the Grand Rapids Trust Company, administrator *de bonis non*, and the Grand Rapids Association for the Blind and Sight Conservation.

Defendants moved to dismiss the bill on the grounds of want of equity; that a like proceeding had been dismissed with prejudice to commence a suit of such character; that plaintiff elected to proceed by filing a claim in the probate court and such action was still pending and the election was binding upon plaintiff and she was estopped from prosecuting the suit.

March 31, 1933, the court dismissed the bill. No appeal was taken. Thereupon plaintiff pressed her claim against the estate upon her appeal and, on March 8, 1933, obtained a judgment in the sum of $8,000 against the estate. The administrator of the

estate filed a bill of interpleader to have the court adjudicate between former attorneys employed by plaintiff, claiming liens on the judgment. April 29, 1933, the bill of interpleader was disposed of by stipulation and the judgment was paid. June 26, 1933, plaintiff commenced the suit at bar by writ of replevin, issued against the Grand Rapids Trust Company, but not as administrator *de bonis non* of the estate of Frances B. Eby, deceased. By the writ she sought to recover the bonds and securities and property turned over to her by Mrs. Eby a few days before Mrs. Eby's death. The designated securities were not seized under the writ, because the same had been administered by order of the probate court as a part of the estate of the deceased and, therefore, plaintiff declared against the defendant for the value thereof. The case came to trial and, at the close of the proofs, the court, on motion of defendant, entered judgment for defendant. Plaintiff prosecutes this appeal.

Plaintiff claims that the suits for specific performance and the claim presented to the probate court for services rendered were consistent and when she discontinued the first equity suit she only abandoned the claim under express verbal contract and made claim upon an implied contract to have reasonable compensation for services. She now claims that the securities and property involved in this suit in replevin were presented to her by Mrs. Eby as a gift *causa mortis,* wholly actuated by love and affection and not at all as compensation for services rendered and, therefore, the former recovery for services was not an election on the subject matter here involved and not at all *res judicata.*

This claim is rather late, and is contradicted by allegations in her bills for specific performance, and

was not made even in this suit until the declaration was amended at the close of plaintiff's proofs, and the claim is also inconsistent with her claim that she was to have the whole estate. A decree in the equity suits in plaintiff's favor would have granted her the whole estate and, consequently, the securities and property involved in this suit.

In her second bill for specific performance she asked the court to determine her right of election. Her claim for services was then pending in the circuit court on appeal and the court, by dismissal of her bill, remitted her to that remedy and she pursued it to judgment and satisfaction.

The record contains the colloquy between counsel and the court and the leave granted upon plaintiff's request to dismiss the first bill for specific performance.

Court Rule No. 38 (1931), in effect when this discontinuance was had, was held by this court to cover both a dismissal and nonsuit on a plaintiff's application, and that it forbid a discontinuance after answer, except by stipulation signed by the defendant or order of the court or judge. *Pear* v. *Graham,* 258 Mich. 161.

At the time plaintiff was permitted by the court to submit to a nonsuit by way of dismissal the case was in the course of hearing and, under the mentioned rule, the court was empowered to grant the same with or without prejudice to future action by plaintiff. If such desired discontinuance was of evident prejudice to defendants the court had power to extend protection against commencement of a like suit. The court permitted plaintiff to abandon the suit on trial, without prejudice to the right to present her claim against the estate. But it is said that the court speaks through formal orders and the re-

striction invoked by defendants, while expressed in open court by the judge, was not incorporated in the formal order.

It is true that the order of the court governs but this does not enable plaintiff to escape from the rule that, when she elected to abandon the suit for specific performance of the alleged contract in order to present her claim against the estate on the *quantum meruit,* and did so proceed to judgment, she is now estopped thereby from seeking other remedy.

In both bills of complaint she alleged that the property involved in this suit, and which she now claims constituted a gift *causa mortis,* was merely intrusted to her care by Mrs. Eby, and that she had delivered the same to the special administrator of the estate. At the trial of this case plaintiff attempted to draw a distinction between the securities as a gift *causa mortis,* actuated by love and affection and the contract to give her the whole estate for services rendered.

A reading of the testimony on such subject is not at all persuasive that any such split in bounty ever took place or was thought of by plaintiff until confronted with the inconsistency of presenting a claim against the estate that she had claimed wholly belonged to her by reason of contract.

Plaintiff did not bring this suit against the administrator of the estate and seeks advantage thereby. The administrator had the securities and property as assets of the estate and so administered the same under order of the probate court, and the effort of plaintiff to eliminate the representative capacity of defendant goes for naught. The administrator should have been made the defendant, but we do not plant decision on such misnomer.

Before bringing this action plaintiff had had her *days* in court. She is bound by her former verified pleadings, and procedure exercised in her behalf. Rules of estoppel, election and *res judicata,* command affirmance of the judgment.

The judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.