189 P.2d 450

**McCARTHY v. KAY.**

No. 5061.

Supreme Court of New Mexico.

Dec. 30, 1947.

Rehearing Denied Feb. 19, 1948.

Robert A. Morrow and H. M. Rodrick, both of Raton, for appellant.

Seth & Montgomery, of Sante Fe, for appellee.

McGHEE, Justice.

In his lifetime J. H. McCarthy instituted and prosecuted an ejectment action against Kay. His administrator is the plaintiff in the present action.

McCarthy had leased a store building to the defendant for a term of years. The lease contained a provision that the defendant would pay all expenses incurred

by the plaintiff in enforcing any of its provisions. The defendant refused to vacate at the expiration of his term and McCarthy filed a statutory ejectment action asking for possession and the rents for the time prescribed in the statute, but did not ask for the expenses incident to its prosecution. The defendant answered, denying that the plaintiff was entitled to possession, and by way of cross-complaint asked for damages in excess of eleven thousand dollars. To support his defense and cross-complaint he attached what he claimed was a copy of the lease. At the trial the court found that the claimed lease was a forgery and rendered judgment for the plaintiff and against the defendant on his cross-complaint. It is for the expenses of a questioned document expert, trips to paper mills, depositions, attorney's fees, and various expenses incurred in exposing the forgery and defeating the defendant in his false claims that the present action was instituted.

Following the filing of the complaint the defendant filed a motion to dismiss on the following grounds: (1) That the action was barred by limitations; (2) that the former judgment was res adjudicata, and (3) that in any event the plaintiff had also split his cause of action when he failed to include such items in the ejectment suit that he could not now maintain this one. An order was entered sustaining the motion on all three grounds, but the plea of limitations has been abandoned in this court.

Must a plaintiff who has leased property to another for a term of years where the lease contains a provision that the lessee will pay all expenses sustained by the lessor in enforcing its covenants, claim such expenses in an ejectment suit where the defendant has wrongfully held over after the expiration of his term, or may he maintain a subsequent action therefor?

When the defendant refused to surrender possession of the property, McCarthy was driven to a choice of remedies to regain possession and he selected ejectment, now a statutory action, Sec. 25-801 et seq., 1941 Statutes. The only relief provided by our ejectment statutes is possession of the property plus rents for a specified period.

If a plaintiff in an ejectment action is entitled to rents and profits for a period other than that provided by the statute he must maintain an independent action therefor as he cannot recover them in an action in ejectment. Neher v. Armijo, 11 N.M. 67, 66 P. 517. In this case it was claimed that the parties who had recovered possession of an interest in real estate in an ejectment action were barred from asking for an allowance of rents and profits in a partition suit that was later filed, but this court, speaking through Mr. Justice Parker, denied the claim, stating on page 80 of 11 N.M., page 518 of 66 P., after quoting the

statute: "It will be seen that the statute limits recovery in *ejectment* to a period subsequent to knowledge of plaintiff's right by defendant, or, in the absence of knowledge, to the period covered by the pendency of the action. It is claimed for the judgment in ejectment by appellant that it operates as a bar to any further recovery of rents and profits, but we cannot agree to the proposition."

This case is cited along with Huffman v. Knight, 36 Or. 581, 60 P. 207, in Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 530, as authority for the following: "In order to come within the rule against splitting causes of action, the omitted claim must be a part of the cause of action sued upon and recoverable in such action."

In Huffman v. Knight, supra, by one trespass two flocks of sheep had been wrongfully taken. The plaintiff was the sole owner of one flock and owned an interest in the other. He instituted a replevin for both flocks, but at the trial he only recovered possession of the sheep of which he was the sole owner, it being held that he could not maintain replevin for property in which he only owned an interest. He then brought trover to recover the value of his interest in the partnership sheep. It was there held that the rule against splitting causes of action did not apply in such a case, it being stated that the former action must be one upon which he could recover before the rule operated.

Where the recovery in ejectment is by statute limited to possession and rents accruing subsequent to knowledge by the defendant of the plaintiff's claim, by what kind of reasoning can it be said that such a judgment bars an action for the expenses incurred by McCarthy in his ejectment suit?

■ The defendant quotes that part of the opinion in Floersheim v. Board of County Commissioners, 28 N.M. 330, 212 P. 451, to the effect that a judgment between the same parties or their privies operates as a bar to a subsequent action not only on what was litigated, *but what might have been litigated.* This court has whittled away at the rule stated in the italicized language for years, and finally in Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237, assembled the authorities on the point, and held that the prior judgment between the same parties operated as an estoppel only as to questions of fact in issue in the prior case which were essential to a decision therein and upon the determination of which the prior judgment was rendered. The expenses sought to be recovered here were not an issue in the ejectment suit.

In Utah their forcible entry and unlawful detainer statute allows the recovery

of rent in the summary judgment on behalf of the plaintiff for rent accruing subsequent to the unlawful detainer. One suit was filed for the unpaid rent and another for the unlawful detainer. Judgment was first rendered finding the defendant guilty of unlawful detainer and that the defendant had defaulted in the payment of $160 rent due June 15, 1923, but judgment was not rendered for the rent. In the other suit the defendant pleaded that the right to recover possession and the right to recover rent were merged in the unlawful detainer case, and that the action for the money could not be maintained. The Supreme Court of that state in the case of Voyles v. Straka, 77 Utah 171, 292 P. 913, held that the actions were not merged, and that the plaintiff was entitled to his judgment for rent in the independent action.

The general Kentucky statute as to joinder of causes of action for the recovery of real estate and damages for the withholding, etc., appears to be identical with the rule we had in effect at the time of the filing of the ejectment action which was Sec. 105-406, 1929 Code. It was there held in the case of Strubbe v. Green, 234 Ky. 384, 28 S.W.2d 471, that while in an action for the recovery of real property and rents, profits and damages for withholding it might be joined in one action, the plaintiff was not required to join them, but could in one action sue for the land and in another for rents and profits or damages for

detention. This case followed the earlier rule announced in that state in Walker v. Mitchell, 18 B.Mon., Ky., 541, and Burr v. Woodrow, 1 Bush, Ky., 602. In Walker v. Mitchell the plaintiff first sued for the recovery of real property and for damages for its detention for two years. In her second suit she asked for the rents and profits, plus the extraordinary expenses incurred in the suit by way of attorney's fees, attending court, etc. It was held that her action for rents and profits was barred by the judgment in the first suit, but that the other expenses which were not sought in the first suit were not barred. In speaking of these expenses the court said at p. 547 of 18 B. Mon. "But in this case the plaintiff claimed in her petition a right to recover for the extraordinary expenses incurred, in her action for the recovery of the land, and as these expenses could not well have been recovered in that action, and were not set up, or embraced in the petition in terms, or by any fair or reasonable construction, she could not, as to those expenses, have been barred by the former recovery; it results, therefore, that the court below erred in giving judgment in bar of the claim to recover the reasonable fees she had paid, or was bound to pay to counsel, for services in and about the recovery of the land; but as to all else besides this claim the judgment was correct."

How similar are the statements of the court in this old Kentucky case to what has

been in the mind of the writer. How could McCarthy have anticipated that the defendant would produce a forged instrument (the one belonging to McCarthy had been lost) and cause him to spend thousands of dollars defeating the unfounded claims based thereon?

■ If the defendant had vacated the premises and McCarthy had brought suit for unpaid rent, then the contention of the defendant that he could not later maintain an action for expenses would probably be well taken. But here McCarthy was driven to a possessory action. From what has been said above it is plain that a count for expenses could not be joined in ejectment, and certainly it could not have been joined in a summary action of forcible entry and unlawful detainer.

We are of the opinion neither the doctrine of res adjudicata, nor the rule against spitting causes of action affords the defendant any protection in this case, and that the action of the trial judge in sustaining the motion to dismiss was erroneous; so we say to the defendant: 'Go back to the courthouse in the historic Town of Taos, and there in the face of the country answer unto the plaintiff for what may be lawfully due him on account of moneys expended by McCarthy defending against your forgeries and unfounded claims.

It is only fair to say that the attorneys who represent the defendant in this action were not attorneys in the ejectment suit.

The judgment will be reversed and the case remanded to the district court with instructions to set aside the order sustaining the motion to dismiss the complaint, enter one denying it, and to then proceed in accordance with the views herein expressed, and it is so ordered.

BRICE, C. J., not participating.

LUJAN and COMPTON, JJ., concur.

SADLER, J., concurs in the result.