272 P.2d 676

**WILLIAMS et al.   v.   MILLER et al.**

**No. 5754.**

Supreme Court of New Mexico.

June 28, 1954.

Rodey, Dickason, Sloan, Mims & Akin, John D. Robb, Albuquerque, for appellants.

Irwin S. Moise, Lewis R. Sutin, Albuquerque, for appellees.

McGHEE, Chief Justice.

In addition to the worries we have in common with other citizens over world-wide and everyday affairs, we have here a very troublesome question arising from our Rule 14(a), commonly known as the third-party defendant rule, which, so far as counsel for the parties and our independent research has disclosed, has not beset any other appellate court.

A fire following an explosion of gas carried in a line of the Southern Union Gas Company destroyed a building, stock of goods and fixtures belonging to the plaintiffs (residents of New Mexico), who sued the gas company (a Delaware corporation) in the United States District Court for the District of New Mexico, claiming the fire and resulting loss were occasioned by the negligence of the defendant in failing to properly inspect and promptly repair its gas line which had been broken by the present defendants (residents of New Mexico) while they were digging a ditch for a sewer in an adjoining street. The gas company brought in the present defendants as third-party defendants under Federal Rule 14(a), 28 U.S.C.A., and asked for judgment over against them for any judgment rendered against it.

It is agreed that because of lack of diversity of citizenship between the plaintiffs and the third-party defendants no judgment could have been rendered in the federal court in favor of the plaintiffs and against such third-party defendants. In addition, the third-party defendant requested the following instructions on the point:

"2. You are instructed that under the pleadings and issues made in this case, the Plaintiffs are not entitled to recover any damages from the firm of Miller and Smith even though you believe that Miller and Smith were partly to blame for the explosion or were the sole cause of the explosion and damages."

"4. If you believe from a preponderance of the evidence that the Southern Union Gas Company was not negligent in the maintenance of their pipe lines as charged in Plaintiffs' Complaint, then I instruct you to return a verdict in favor of the firm of Miller and Smith.

"5. If you believe from a preponderance of evidence that the firm of Miller and Smith were the sole cause of the explosion and damages of the Plaintiffs, then your verdict must be in favor of the firm of Miller and Smith.

"7. In the event you find a verdict against the Plaintiffs and in favor of Southern Union Gas Company, then it

is also your duty to bring in a verdict in favor of the firm of Miller and Smith."

The trial court instructed the jury on this point as follows:

"Thus far, I have discussed with you only the issues as concern the plaintiffs and the defendant Southern Union Gas Company. I now instruct you that, in the event you find the issues in favor of the plaintiffs and against the defendant Southern Union Gas Company, it will then be necessary for you to determine other issues which exist under the pleadings between the defendant Southern Union Gas Company and the third party defendant, Miller and Smith, which issues I shall presently explain to you, but before doing so, I now instruct you that, in the event you should find the issues in favor of the defendant Southern Union Gas Company, then it will not be necessary for you to determine, and you should not pass upon, the issues as between the Southern Gas Company and the third party defendant, Miller and Smith. If you answer interrogatories numbered one or two in the negative, you need not answer any of the other interrogatories.

"Lest you might become confused as to the various defendants, I specifically instruct you that, under no circumstances, would plaintiffs be entitled to recover a judgment against the third party defendants, Miller and Smith. Plaintiffs have not sued Miller and Smith, and the issues which concern Miller and Smith exist only between Southern Gas Company and Miller and Smith."

The interrogatories which were answered read:

"No. 1. Did the Southern Union Gas Company fail to inspect its gas lines, including the feeder or service line to the meter on the property of plaintiff Williams, with that degree of care required of an ordinarily careful and prudent person commensurate with the handling and distribution of a dangerous, explosive commodity such as natural gas?

"Answer 'Yes' or 'No.'

"No"

"No. 3. Was the third party defendant, Miller and Smith, negligent in the operation of its ditching machine, thereby causing a bend or break in the gas line owned by Southern Union Gas Company?

"Answer 'Yes' or 'No.'

"No"

"No. 6. Defendant Southern Union Gas Company and third party defendant, Miller and Smith, assert the explosion and fire were the result of an

unavoidable accident. In the event you have determined that the explosion and fire were not the result of negligence which constituted the proximate cause thereof, then you will answer the following interrogatory, but if you have determined that negligence was the proximate cause of the explosion and fire, you will not answer it.

"In the light of the definition of 'unavoidable accident' which I have given you, was the fire and explosion the result of an unavoidable accident?

"Answer 'Yes' or 'No.'

"Yes"

"No. 7. Defendant Southern Union Gas Company asserts as an affirmative defense that the plaintiffs were guilty of contributory negligence in the management, ownership and operation of appliances within the building occupied by Parks Food Market.

"I am confining this interrogatory to the owners and operators of Parks Food Market, Parks and Sabino, and now ask you to answer the following interrogatory, in the light of my instruction defining 'contributory negligence':

"Were plaintiffs Parks and Sabino guilty of contributory negligence?

"Answer 'Yes' or 'No.'

"No"

"No. 10. Do you find as a fact that the explosion in question resulted from a leak in the gas line on the inside of the Parks Food Store?

"Answer 'Yes' or 'No.'

"No"

The judgment recites that special findings were submitted and answered, and the decretal part reads:

"It is, therefore, ordered, adjudged, and decreed that the plaintiffs' Complaint against the defendant, Southern Union Gas Company, be and the same hereby is dismissed.

"It is further ordered, adjudged, and decreed that the defendant, Southern Union Gas Company's third party complaint against Miller and Smith, be and the same hereby is dismissed.

"It is further ordered, adjudged, and decreed that the third party defendants, Miller and Smith, do have and recover their costs of the defendant, Southern Union Gas Company, and

"It is further ordered, adjudged, and decreed that Southern Union Gas Company do have and recover of the plaintiffs the costs taxed against it in favor of Miller and Smith, and their own costs in this cause expended, to be taxed by the Clerk, to all of which the plaintiffs, and each of them, object and take an exception."

Following the failure of the plaintiffs to obtain judgment against the gas company

in the federal court they filed suit here against the defendants, the identical parties who were third-party defendants in the federal court case, alleging the fire and destruction of the building, fixtures and stock of goods were caused by their negligence in breaking the gas line and failing to promptly give notice of the break.

The defendants interposed a plea of res judicata and a motion for summary judgment based on the federal court case. The motion was granted and this appeal followed.

As heretofore stated, the defendants admit no judgment could have been rendered against them in the federal court because they and the plaintiffs were residents of New Mexico, but say both they and the gas company pleaded lack of negligence on their parts, and that the explosion and fire were the result of an unavoidable accident; that the jury sustained such defenses; that, therefore, they may not again be vexed by the present suit.

The cases which more nearly support the position of the defendants are: Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 1907, 158 F. 63, 16 L.R.A., N.S., 677; Bernhard v. Bank of America Nat. Trust & Savings Ass'n, 1942, 19 Cal. 2d 807, 122 P.2d 892; Barrabee v. Crescenta Mutual Water Co., 1948, 88 Cal.App. 2d 192, 198 P.2d 558; Hawley v. Davenport, R. I. & N. W. Ry. Co., 1951, 242 Iowa 17, 45 N.W.2d 513; Harding v. Carr, 1951, 79 R.I. 32, 83 A.2d 79; Hill v. Bain, 1885, 15 R.I. 75, 23 A. 44. However, except for the Harding case, supra, the principal actor had been previously absolved of liability and it was sought in the second suit to hold one whose liability depended on that of such previous actor, or the indemnitor had been absolved and it was then sought to hold the indemnitee, as was the situation in the case of Hawley v. Davenport, R. I. & N. W. Ry. Co., supra.

Perhaps the best analysis of the exception to the general rule that there must be mutuality before res judicata may be invoked is made in the opinion in Portland Gold Mining Co. v. Stratton's Independence, supra, by then Circuit Judge Vandeventer. There the owner of a mine had leased it to one who extended the drift beyond the property line and had taken ore from the property of another who brought suit against the lessee for such trespass. Judgment was rendered for the defendant and the adjoining owner then sued the lessor on the theory it had ratified such wrongful act. In this case it was stated [158 F. 68]:

"Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of

tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the maxim, 'Interest reipublicae ut sit finis litium,' may well be applied."

■ It is true the plaintiffs in the federal court opened their case by showing the present defendants broke the gas line, but this was merely a preliminary step in their proof the gas company was negligent in failing to inspect and promptly make repairs. No such duty could devolve on the gas company in the absence of a leak from some cause. In that case the plaintiffs were not concerned with the negligence of these defendants except to prove a break, as the gas company was their defendant and the concern to which they looked to recoup their damages, while in the present case they are after the defendants as principal actors—the ones who threw the squid. The claimed negligence of the gas company was an entirely different thing from the claimed negligence of the defendants, and its duty to the plaintiff in no manner depended on whether or not these defendants acted negligently when they broke the pipe. If there is a principal actor in the case, and we believe there is, it is these defendants who, it is claimed in the pleadings, negligently broke the pipe.

■ But, say the defendants, the jury found the explosion was caused by an unavoidable accident and that they were not negligent, disregarding the fact that under the instructions of the court, and in fact, that case was over when the jury answered interrogatory number one in the negative, that the gas company had not failed to properly inspect its lines and was not guilty of negligence. The fact that its members in disregard of instructions proceeded to answer the other interrogatories which were not necessary to a judgment in behalf of both defendants may not be used to deny the plaintiffs their day in court against the principal actor.

.Whatever may have been the law touching res judicata in this state prior to the decision in Paulos v. Janetakos, 1942, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237, it is now settled that only such questions, points or matters of fact in issue in a case which were essential to a decision, and upon a determination of which the judgment was rendered, are res judicata. To the same effect are State v. Johnson, 1948, 52 N.M. 229, 195 P.2d 1017, and McCarthy v. Kay, 1947, 52 N.M. 5, 189 P.2d 450. The fact necessary to a determination of the federal court case, so far as the plaintiffs were concerned, was whether the gas company was negligent.

The defendants also rely on the case of Supulver v. Gilchrist & Dawson, Inc., 1922, 28 N.M. 339, 211 P. 595, 596, where one who had been convicted of embezzlement thereafter brought suit for money had and received for the amount that had been turned over to the defendant in this latter civil action following the conviction. This Court held the judgment in the criminal action was a bar to the maintenance of the civil action by the one who had been convicted. This decision, however, was based upon an old English statute and the common-law practice built upon it that in such case a writ of restitution would be granted the owner who had his property stolen. In support of the opinion the court quoted from 1 Chitty's Cr. Law (5th Am.Ed.) 820, in addition to other authorities, as follows:

" 'The justices of gaol delivery are, by the statute 21 Hen. 8, c. 11, directed to award a writ of restitution to the owner, as soon as the felon is convicted. But, it is said, that no such writ has, for upwards of 200 years, been issued; but the constant practice is for the judges or justices, without any precept, to order the goods brought into court to be restored to the parties indicting. And, after the conviction of the offender, the proprietor may take his goods wherever he can find them, so that it be effected without any breach of the peace, because he satisfied public justice, and is entitled to a writ of restitution, whenever he thinks fit to demand it.' "

The rule relating to stolen property after the conviction of the thief may not be used to aid the defendants here.

It is our conclusion the Harding case, supra, from the Rhode Island court is not authority for what the defendants urge here, but if we have incorrectly appraised its true import, we do not care to follow it here.

We do not believe the third-party rule was designed to accomplish the end sought by the defendants here; certainly the writer had no such thought when he voted to adopt it as one of our rules.

We have read all of the cases cited in the briefs and an independent research has

been made here, and we are of the opinion the learned trial judge erred in granting a summary judgment to the defendants.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate its judgment, deny the motion for a summary judgment, and proceed in accordance with the views herein expressed, and it is so ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.