340 P.2d 1075

Henry SALAZAR, Jr., Ancillary Administrator with the Will Annexed of the Estate of Earl R. Keener, Deceased, Plaintiff-Appellant,

v.

Vincent MURPHY, doing business as Belen Builders Supply, and Pasquel Armijo, Defendants-Appellees.

No. 6514.

Supreme Court of New Mexico.

June 22, 1959.

Adams & Foley, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Albuquerque, for appellees.

MOISE, Justice.

This is a wrongful death action brought by plaintiff-appellant against the defendants-appellees alleging that plaintiff is the ancillary administrator of decedent's estate, that defendant Armijo was the driver of a truck belonging to defendant Murphy and that Armijo's negligent driving caused the death of decedent. The defendants answered denying the alleged negligence, and pleaded affirmatively contributory negligence and res judicata. Plaintiff moved to strike the defense of res judicata and defendants moved for summary judgment. Plaintiff's motion was overruled and the

defendants' motion was sustained and the complaint dismissed. This appeal followed.

The defense of res judicata arose by virtue of the fact that the administrator of decedent's estate in New York filed suit in the United States District Court for the Southern District of New York alleging the decedent had met his death through the negligence of Denver-Chicago Trucking Co., Inc. The action was transferred from the Southern District of New York to New Mexico, and thereupon the defendant in that case, Denver-Chicago Trucking Co., Inc., filed a third-party complaint against Vincent Murphy, doing business as Belen Builders Supply Co., alleging that the negligence of third-party defendant's driver caused the accident, and that if the defendant was liable for any damages to plaintiff, the third-party defendant was either liable for contribution or indemnity to third-party plaintiff. The third-party defendant answered denying negligence on his part, and alleging contributory negligence of plaintiff's decedent. On the date set for trial of the case in federal court, plaintiff failed to appear and the court entered an order dismissing both plaintiff's complaint and defendants' third-party complaint with prejudice. It is the federal court judgment which was determined by the court below to be res judicata of the present proceeding.

It is thus seen that the question presented is whether a judgment of dismissal with prejudice of a third-party complaint because of failure of plaintiff to prosecute and obtain a judgment against the defendant and third-party plaintiff, is res judicata of the right of the plaintiff to bring an action in state court against the third-party defendant.

No issue is made of the fact that plaintiff here is an ancillary administrator with the will annexed, while the plaintiff in the federal case was the administrator of the last will and testament. It is agreed for purposes of the appeal that the two parties are in privity and if the administrator plaintiff in the federal case would be barred from prosecuting this action, the present plaintiff is likewise barred.

Also, Pasquel Armijo is a defendant in this case, but was not a defendant or third-party defendant in the federal case. It appears that defendant Armijo was an employee of defendant Murphy, and no question is raised that he was not acting in the scope of his employment at the time of the accident. It is conceded on this appeal that if the federal case is res judicata as to this action against defendant Murphy, then it is also res judicata so as to prevent its maintenance against defendant Armijo.

The instant case is much like the case of Williams v. Miller, 58 N.M. 472, 272 P.2d 676, where suit was filed by plaintiff in federal court against Southern Union Gas Company alleging negligence of the defend-

ant. The defendant brought in Miller and Smith as third-party defendants claiming it was their negligence which caused the injury and asking contribution or indemnity for any amounts which defendant might be held responsible. After a trial on the merits, judgment was for defendant and third-party defendant and against the plaintiff. Thereupon, the plaintiff filed suit in state court against the defendants (third-party defendants in the federal case) alleging its injuries were caused by defendant's negligence. A plea of res judicata was sustained. On appeal this was reversed, this Court holding that since plaintiff had not sued the defendants in federal court and could not have obtained a judgment against them, the federal court action was not res judicata of the state court action. This was particularly true since both plaintiff and third-party defendants were residents of New Mexico, and accordingly there was no diversity of citizenship present such as was necessary to give the federal court jurisdiction to enter a judgment for plaintiff against third-party defendants in the event plaintiff had sought such relief.

Except for this last mentioned fact that plaintiff and third-party defendant were both residents of New Mexico in Williams v. Miller, supra, while in the instant case there is diversity of citizenship so that a judgment for plaintiff against third-party defendant could have been rendered if plaintiff had amended his complaint, and

sought it, and except for the fact that in the Williams case, determination was on the merits while in the federal case here, it was by default of the plaintiff, the cases are identical. The defendants here assert in support of the lower court's action in holding the federal court case res judicata that these differences require a different result from that reached in Williams v. Miller, supra.

Defendants rely heavily on the case of Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 5 Cir., 1958, 258 F.2d 277.

A careful reading of this case discloses a suit wherein the plaintiff Falls sued the defendant Consolidated to recover a balance owing on the sale of three heat exchangers. Defendant Consolidated defended on the grounds that the heat exchangers had arrived damaged and that it owed nothing to plaintiff, and joined as a third-party defendant, D. C. Hall Transport, Inc., on the theory that it was the carrier's negligence or the carrier and plaintiff's negligence that caused the damages. The trial court found the issues between plaintiff and defendant, in favor of defendant, and then dismissed the third-party complaint without prejudice to the right of the plaintiff or the defendant to assert any claim either of them might have against the carrier.

It appears that plaintiff never amended its complaint to seek any relief against the

third-party defendant. The Court of Appeals of the Fifth Circuit, construing the Rules of Civil Procedure all together, determined that although under Rule 14, F.R.Civ.P., 28 U.S.C.A., the defendant could only bring in a third-party defendant who was secondarily liable on the plaintiff's claim, nevertheless where the whole dispute was between the plaintiff and third-party defendant and the issues between them had been fully outlined in pleadings and had been fully tried, in the interest of avoiding unnecessary trials and of disposing of litigation, the complaint should be considered as amended under Rule 15, F.R.C.P., and all the issues between the parties disposed of. The Court stated that it thought all necessary proof had been made, but in the interest of fairness the case was remanded with directions to permit reopening of proof if desired to further establish liability between third-party defendant and plaintiff. The court had the following to say about the resolution of the problem which confronts us:

"The procedural question raises conflicting reactions. There is much to be said for the necessity of a pleading in order to define a claim. For example, here, what claim did Falls assert against Hall Transport? How much? There is some merit to the argument that the Amendment to Rule 14(a) is designed to prohibit the very thing proposed here—a tender by the defendant of another defendant to the plaintiff; although such tender can hardly be avoided when there is one transaction giving rise to a three-cornered dispute that settles down to an argument between the plaintiff and the third-party defendant as to liability. We believe however, whatever doubts there might be, that justice will be served if we follow the decision of the parties to treat the complaint as having been enlarged: (1) by the third-party defendant's answer that is in the nature of a waiver of formal amendment and (2) by the proof at the trial, where there was no objection made to evidence that would have bearing only on the issue of carrier liability to the shipper." [258 F.2d 287.]

It will thus be seen that the Court decided the case on what it considered to be a rule of justice resulting from treating the case as the parties litigant had considered it. They point out that the third-party defendant's answer went to the allegations of the complaint without requiring any amendment and was a waiver, and the evidence at the trial was made without objection as if the complaint had been amended.

The difference between the situation there and here should be evident. Here, the third-party defendant did not answer or put in issue any of the allegations of plaintiff's complaint; the case was not tried and proof made between the parties;

the prior action was dismissed upon failure of plaintiff to appear for trial. Under no possible theory could the provision of Rule 15(b), F.R.C.P., which provides for amendment to conform to evidence when issues not raised by pleadings are tried by express or implied consent, be applicable. This was the foundation of the decision of the Falls case, supra, and differs materially from the situation here present. There, the trial had been had on the merits—here, it has not. There, although by the pleadings no relief had been sought by plaintiff against third-party defendant, inasmuch as all evidence had been presented without objection, and a judgment against third-party defendant was indicated, the pleadings were considered amended to conform with the proof. This situation does not subsist here.

It is not necessary for us to decide if in the instant case, since diversity was present between plaintiff and third-party defendant in the federal court, upon trial of the merits, all issues arising out of the claim would have been res judicata or estopped by judgment, because no claim was asserted by plaintiff against third-party defendant, and any issues present between them were not litigated. If they had been, the Falls Industries case, supra, would be in point. Since they were not, we conclude that the same result follows here as in the case of Williams v. Miller, supra, where they were not litigated because they could

not be. The fact that here they were not litigated because plaintiff did not see fit to litigate them, to our minds, does not alter the situation.

We do not perceive that there is present any question of changing the rules concerning res judicata, either in the case of Williams v. Miller, supra, or in what is said herein. It is clear that at least since the decision in the case of Paulos v. Janetakos, 46 N.M. 390, 120 P.2d 636, 142 A.L.R. 1237, if the rule was ever otherwise in New Mexico, when a second action is brought between the same parties on a different cause of action, a plea of res judicata will stand only as to questions of fact in issue in the first case which were essential to and entered into the determination of that case. See, also, McCarthy v. Kay, 52 N.M. 5, 189 P.2d 450; State v. Johnson, 52 N.M. 229, 195 P.2d 1017. The rule that a judgment between the same parties or their privies bars a second action as to what was litigated and also as to all matters that might have been litigated clearly has no application in a situation such as the one here present.

Both Williams v. Miller, supra, and this case, are cases where the issues between plaintiff and third-party defendant have never been litigated. Plaintiff has never before sued the defendants here, and although he could have, he was not required to do so. Where the negligence of two

tort-feasors combines to cause the death of another, either or both may be held liable in the absence of a valid defense. Trefzer v. Stiles, 56 N.M. 296, 243 P.2d 605; Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259. Also, § 24–1–13, N.M.S.A.1953, provides that the recovery of a judgment against one joint tort-feasor does not discharge the other joint tort-feasor. Thus it appears clear that plaintiff could have sued Denver-Chicago Trucking Co., Inc. and could have recovered judgment against it, and then have sued these defendants and recovered against them. The fact that he did not recover against Denver-Chicago Trucking Co. does not prevent him from litigating the question of negligence of the defendants here, inasmuch as he did not sue these defendants in the previous action and the issues between them have never been tried.

To rule otherwise would result in giving to Rule 14, F.R.C.P. (§ 21–1–1(14), N.M.S.A.1953, is identical for all practical purposes), a mandatory effect when by its terms it is permissive and the plaintiff has a choice as to whether he will amend his pleadings to ask for relief against the third-party defendant. 1 Barron & Holtzoff, Federal Practice and Procedure, 857, § 421; 3 Moore's Federal Practice, 2d Ed., 441, § 1416. Since the rule is permissive, we do not consider proper a ruling which in effect results in making the third-party defendant a defendant in the original action, whether the plaintiff has seen fit to amend to include him or not. This is true, even though we are in sympathy with the purpose of avoiding expense and time lost in trying two suits where one might suffice. Our duty is to apply the rule as we understand it.

Defendant argues that dismissals "with prejudice" are generally held to operate as adjudication on the merits. Even though this may be true there has been no dismissal of any action between the plaintiff and the defendant, so the rule has no application.

We note defendants' argument that plaintiff should not be permitted to twice harass the defendant for the same injuries arising out of the same accident. The obvious answer to this contention is that plaintiff has only sued the defendant once—in this suit.

Also, defendant argues that since the third-party suit in federal court has been dismissed with prejudice, it follows that he cannot recover over against Denver-Chicago Trucking Co., Inc. and, accordingly, it would be unjust to allow this suit to proceed, and a judgment possibly be recovered against defendant here, with no right in the defendant to seek contribution or indemnity from the joint tort-feasor. As to whether this result follows, or what defendant could have done to protect him-

self, we express no opinion. In any event, we do not consider the argument to be so compelling as to cause us to depart from what we consider to be an otherwise sound application of the pertinent rules of law.

For the reasons stated, the judgment of the district court is reversed, with instructions to reinstate the cause on the docket and proceed in a manner not inconsistent herewith.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and CARMODY, JJ., concur.